UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASQUALE MONORCHIO,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | Case No. 1:26-cv-06100 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**<br>Re: Dkt. Nos. 1, 2 |

Before the Court is Petitioner Pasquale Monorchio's petition for writ of habeas corpus and motion for a temporary restraining order ("TRO"). For the reasons that follow, the Court GRANTS the petition in part, and orders Respondents to provide Petitioner with a prompt custody hearing. The TRO is resolved as moot.

## I. BACKGROUND

Petitioner lawfully entered the United States with an O-1 Artist Visa on August 17, 2021. Dkt. No. 2 at 2; Dkt. No. 7-1 at 2. The visa expired on August 1, 2022, and Petitioner does not allege that he otherwise filed for further immigration relief following its expiration. Dkt. No. 7-1 at 2.

During his time living in the United States, Petitioner married a United States citizen, whom he is currently separated from, and is the father of two children. Dkt. No. 2 at 1. He also has had several interactions with law enforcement. Records submitted by Respondents indicate that Petitioner was convicted in 2025 for possession of a controlled substance and resisting arrest, and was also charged that same year for selling a controlled substance and using a two-way communication device to facilitate a felony. *See* Dkt. No. 7-2. He was transferred to ICE

custody on September 17, 2025 following his arrest for sale of a controlled substance. *See* Dkt. No. 1 at 5; Dkt. No. 7-1 at 2. He has been in detention now for over eleven months, and was ordered removed by an immigration judge on August 20, 2026. *See* EOIR Automated Case Information, available at https://acis.eoir.justice.gov/en/caseInformation (last visited August 24, 2026).

Petitioner further alleges that he suffers from several medical conditions and is not receiving proper treatment at the detention facility. *See* Dkt. No. 2 at 3. Those conditions include arthritis, anemia, and risk of ischemia. *Id.*; *see also* Dkt. No. 11 at 2–3. He is also recovering from a gastric sleeve surgery he received prior to his detention. Dkt. No. 11 at 2.

## II. DISCUSSION

Both parties agree that Petitioner's detention is controlled by 8 U.S.C. § 1226(a), which provides for discretionary detention during the pendency of a non-citizens' removal proceedings. *Id*. at 4; Dkt. No. 1 at 7. However, the parties dispute what the appropriate remedy is. Petitioner maintains that his over 11-month detention without a bond hearing violates both his procedural and substantive due process rights, necessitating his immediate release. Dkt. No. 5–9, 11–13. Respondents maintain that Petitioner may seek a custody redetermination hearing under § 1226(a), but is otherwise properly detained under § 1226(a). Dkt. No. 1 at 7.

Courts have taken differing approaches with respect to the proper habeas remedy where an individual asserts a procedural due process claim, but is otherwise properly detained pursuant to § 1226(a). In some instances, courts have found that prolonged detention under § 1226(a) without a bond hearing violates due process, thus, justifying immediate release. *Leo Huayen v. Chestnut*, No. 1:26-cv-3696-DAD-AC, 2026 WL 1363089, at *1–2 (E.D. Cal. May 15, 2026) (petitioner with expired visa who was held for six months without a bond hearing was granted immediate release because a bond hearing would not adequately remedy the due process violation of "being deprived of an opportunity to be heard at a meaningful time and in a meaningful manner") (internal quotation marks and citation omitted); *Xianming H. v. Warden of the California City Det. Facility*, No. 1:26-CV-02543-TLN-CKD, 2026 WL 1283415, at *5

(E.D. Cal. May 11, 2026) (finding due process violation where Petitioner had been detained for four months without a bond hearing); *Juan R.R. v. Warden of the Golden State Annex*, No. 1:26-CV-04754-TLN-SCR, 2026 WL 2137745, at *3 (E.D. Cal. July 24, 2026) (similar). In other instances, courts have found that the proper remedy is a prompt § 1226(a) bond hearing where both parties agree that § 1226(a) controls detention, and due process did not require that the Government provide the petitioner with pre-deprivation process before his detention. *See, e.g.*, *Cesar G.R. v. Warden, California City Det. Facility*, No. 1:26-CV-04231-MWJS, 2026 WL 1765351, at *3–4 (E.D. Cal. June 18, 2026) (dismissing petition where Petitioner was properly detained under § 1226(a) and needed to seek relief through a bond hearing before requesting habeas relief); *Johnson v. Warden*, No. 5:26-CV-04454-DFM, 2026 WL 2324409, at *3 (C.D. Cal. Aug. 11, 2026) (granting relief in the form of a bond hearing where both parties agreed § 1226(a) controlled petitioner's detention).

Under the circumstances here, a prompt § 1226(a) hearing satisfies due process. Though Petitioner's detention is lengthy, there is no indication in the record that the Government has refused to provide Petitioner with a bond hearing, thus, denying him the process to which he is statutorily entitled. Rather, it appears that Petitioner has simply not requested a custody redetermination hearing, which is the necessary predicate where a non-citizen is detained pursuant to § 1226(a). *See* 8 C.F.R. § 1003.19(b) ("Application for an initial bond redetermination by a respondent, or his or her attorney or representative, may be made orally, in writing, or, at the discretion of the Immigration Judge, by telephone."). Indeed, in similar cases where courts ordered released, the due process violation was found because the Government had *refused* to provide the noncitizen with the bond hearing to which he was statutorily entitled. *See Gedeon v. Chestnut*, No. 1:26-CV-05179-DAD-SCR (HC), 2026 WL 2149803, at *1 (E.D. Cal. July 27, 2026) (ordering release where Government had refused to provide petitioner with a bond hearing); *Feng v. Lyons*, No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (ordering immediate release of petitioner who was denied a bond hearing on grounds the immigration judge lacked jurisdiction).

Additionally, there is evidence in the record that counsels both for and against release on bond, demonstrating that a more fulsome review of the evidence by an Immigration Judge to assess flight risk and danger is necessary here. On one hand, Petitioner was detained following an arrest for selling a controlled substance, and records submitted by Respondents show Petitioner has had arrests and convictions going back to 2024 for other minor offenses. *See* Dkt. No. 7-2. On the other hand, there are significant equities which would support release on bond here, including Petitioner's medical history and familial ties. *See* Dkt. No. 7 at 2–3. This evidence, and any additional material presented by the parties, should be considered by a neutral arbiter with the authority to set bond accordingly. *See e.g.*, *Santana v. Marin*, No. 1:26-CV-0915-DJC-JDP, 2026 WL 746995, at *5 (E.D. Cal. Mar. 17, 2026), *report and recommendation adopted,* No. 1:26-CV-0915-DJC-JDP, 2026 WL 853376 (E.D. Cal. Mar. 27, 2026) (ordering bond hearing where § 1226(a) controlled detention and Petitioner had recently been arrested for battery); *Perez-Paredes v. Warden*, No. 1:26-CV-3356-DC-JDP, 2026 WL 1470605 (E.D. Cal. May 26, 2026), *report and recommendation adopted,* No. 1:26-CV-3356-DC-JDP, 2026 WL 1715025, at *4–5 (E.D. Cal. June 12, 2026) (similar).

The Court further rejects Petitioner's substantive due process argument. Though courts in this district have ordered release on substantive due process grounds where the "petitioner's present detention [was] excessive in relation to its purpose[,]" there is not sufficient evidence before the Court to make such a finding here. *Sumano v. Chestnut*, No. 1:26-CV-04954-KES-CDB (HC), 2026 WL 2177112, at *7 (E.D. Cal. July 28, 2026) (ordering release where Petitioner presented unrebutted evidence that her continued detention presented a significant risk of death for both herself and her unborn fetus). Petitioner's medical conditions appear serious, however, he has not submitted evidence suggesting that his life is currently in danger. Additionally, as he is detained under § 1226(a), he is entitled to release on bond if an immigration judge determines he is neither a flight risk nor danger to the community. Indeed, in other cases where substantive due process claims were granted, detention was mandatory under § 1226(c), and extreme factors supported a finding that mandatory detention had become excessive

and punitive under the circumstances. *See Gutierrez Romo v. Chestnut*, No. 1:26-CV-03449 KES FJS (HC), 2026 WL 2254385, at *6–7 (E.D. Cal. Aug. 4, 2026) (granting substantive due process claim where petitioner had been detained eleven months, had been diagnosed with cancer and hospitalized twice while in detention, had no removal order in place, and had been expressly found by an immigration judge not be a flight risk or danger to the community); *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1090 (N.D. Cal. 2024) (finding petitioner entitled to relief on his substantive due process claim, but not ordering release, where he had been detained for over two years, had submitted evidence of viable alternatives to detention that would be appropriate under the circumstances, and had no final order of removal in place). The same cannot be said here where Respondents maintain that Petitioner is entitled to release on bond upon a finding that he is neither a flight risk nor danger to the community.

## III. CONCLUSION AND ORDER

Accordingly, it is hereby ORDERED that the petition for writ of habeas corpus is GRANTED in part. Within seven days of this order, Petitioner shall be afforded a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. The bond hearing may be continued to a later date upon Petitioner's request. The Clerk of the Court is ordered to enter judgment for Petitioner and close this case.

**IT IS SO ORDERED.**

Dated: August 24, 2026

VINCE CHHABRIA
United States District Judge